### In re McCOY.
### No. 5591.

District Court, W. D. Louisiana, Monroe Division.

Dec. 23, 1936.

Warren Hunt, of Rayville, La., for debtor.

Geo. Wesley Smith, of Rayville, La., and H. F. Madison, Jr., of Bastrop, La., for creditors.

W. D. Cotton, of Rayville, La., Conciliation Com'r, Richland Parish.

DAWKINS, District Judge.

This is an application to review the ruling of the Conciliation Commissioner upon the question of whether the debtor is a farmer within the meaning of section 75 of the Bankruptcy Law as amended 11 U.S. C.A. § 203, that officer having sustained the farmer status.

The undisputed facts are that the property consists of 160 acres of farm land, nearly all of which is subject to cultivation, but only 50 to 100 acres have been actually cultivated for several years. At the time of the filing of this proceeding, it was being operated by a tenant, one Kolb, under a verbal lease made with the husband of the debtor, who has represented his wife in the handling of the property for many years, the terms of which were that the tenant was to pay one-fourth and one-third of the crops produced. All farming stock and farming machinery or implements and supplies for the making of crops was supplied by the tenant, and it was estimated by the debtor's husband that her revenue therefrom would average about $700 per year.

The debtor is and has been for several years regularly employed as a teacher in the public schools of Richland parish, receiving a fixed salary of from $80 to $100 per month. Her husband is a disabled World War veteran and receives compensation at the rate of $47 per month. Neither exer-

cises any control over the planting of the crops or the employment of labor on the place other than what is necessary to check up on the crops raised to assure the payment of the lessor's portion.

My conclusion is that the debtor's principal occupation is that of a school teacher; that the farm is operated by a third party under a lease, which, while entitling her to receive part of the crop, does not constitute her one personally engaged chiefly in the tillage of the soil, either directly or through an agent, and she is, therefore, not a farmer within the meaning of section 75 of the Bankruptcy Law, as amended.

The proceeding should hence be dismissed.

Proper decree should be presented.